[No. 3679.   Decided March 9, 1901.]

SAMUEL H. SLOAN, *Respondent,* v. NORTH AMERICAN
TRANSPORTATION & TRADING COMPANY, *Appellant.*

CARRIERS — FAILURE TO CARRY PASSENGERS TO DESTINATION — ACTION
FOR DAMAGES — NEW TRIAL — VERDICT CONTRARY TO INSTRUCTIONS.

In an action against a carrier for damages for failure to trans-
port plaintiff to a destination contracted for, the refusal of the
court to grant a new trial on the ground that the verdict in plain-
tiff's favor was contrary to the instruction of the court, was not
error, where the court charged that it was plaintiff's duty, in
case of the inability of the carrier to transport him, either to fin-
ish the journey himself or return to the point of embarkation, if
either was reasonably practicable, and that he could not recover
for loss of time or sickness if he remained unnecessarily at the
point where the carrier left him, since the question of whether it
was reasonably practicable for plaintiff to return to the point of
embarkation or continue to the point of destination was submit-
ted to the jury and by their verdict they found that it was not
practicable for him to do either.

SAME — INSTRUCTIONS.

Where a transportation company agreed to carry plaintiff
to Dawson City by way of the Yukon river, and failed to per-
form its contract, but, after its failure to carry him further
than Fort Yukon, the captain of the steamer represented that
he would take him down the river seventy miles, where there
was a cabin suitable for occupancy and a good place to cut
wood for the winter; and plaintiff was put ashore at that point
on condition that he would cut wood for the defendant, and
there contracted a cold and severe sickness, permanently impair-
ing his health, by reason of the fact that the cabin was not in
a habitable condition, it was not error for the court in an
action by him for damages to refuse to charge that plaintiff's

sickness was not, under the testimony in the case, such a re-
sult of any failure of the defendant to carry him to Dawson
as would entitle him to reimbursement, since it was for the
jury, and not the court, to say whether, under the testimony,
the plaintiff's sickness was the result of defendant's failure
to carry him to Dawson.

Appeal from Superior Court, King County.—Hon. E.
D. Benson, Judge. Affirmed.

*Bausman, Kelleher & Emory,* for appellant.

*Upton, Arthur & Wheeler,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent purchased of appellant a
ticket entitling him to transportation by boat from Seattle
to Dawson City by way of St. Michaels and the Yukon
river, and became a passenger, by reason of such ticket, on
defendant's steamship Cleveland, bound for St. Michaels,
where he arrived August 18, 1897. Here he was detained
until the 31st of August, and was then placed upon appel-
lant's river boat the John J. Healy, upon which he arrived
at Fort Yukon on the 14th of September. The appellant
company concluding that it could not proceed to Dawson,
the respondent was put ashore; the company furnishing
him with certain provisions, for which he was to pay the
next year. There is no question but that the appellant
failed, if it did not refuse, to provide respondent with
transportation from Fort Yukon to Dawson City. The
master of the Healy represented to respondent and his
father, who was accompanying him, that he would take
them to a good place to cut wood, where there was a cabin
suitable for occupancy, about seventy miles down the Yu-
kon river. On condition that they would cut wood for the
appellant, they were taken to this place and put ashore,
and the appellant's boat left them at that place. Accord-

ing to the testimony of the respondent, the cabin had been partly burned down and was not in a habitable condition. The respondent, who was then a healthy man, was compelled to sleep on the frozen ground for three nights, and contracted a cold and sickness, which continued through the winter and permanently broke down his health, and was the cause of the damages for which he seeks to recover against the appellant.

The appeal involves simply questions of fact. There are two assignments of error, the first of which is that the court erred in not granting a new trial on the ground that the verdict was contrary to the following instruction of the court:

"Upon the defendant company's failure or refusal to carry Mr. Sloan further than Fort Yukon, if it did so fail or refuse, it became the duty of Sloan, then and there, to return to Seattle, or to finish the journey to Dawson himself, if either was reasonably practicable; and if you should find that it was reasonably practicable for him to do one or both of these things, and that he did neither, but voluntarily remained between these places, then he can recover neither for loss of time nor sickness incurred while remaining there, if he so remained unnecessarily. The plaintiff cannot recover more in this case than such sum as you shall find that it would have necessarily cost him to complete the journey to Dawson by the steamboat Bella from the place where he left the steamer Healy, provided he could by a reasonable effort on his part have so completed the journey."

The second assignment is that the court erred in refusing to give the following instruction which was asked by the appellant:

"I instruct you, gentlemen, that plaintiff Sloan's sickness, if any you shall find, is not, under the testimony in this case, such a result of any failure of the defendant company to carry him to Dawson as entitles him to

reimbursement. ' Such sickness, then, you are not to consider."

The question of whether it was reasonably practicable for the respondent to return to Seattle or to finish the journey to Dawson was submitted to the jury, and was decided in favor of the respondent's contention that it was not practicable for him to do either. The same may be said in relation to the instruction asked for by the appellant. It was for the jury, and not the court, to say whether, under the testimony in the case, the respondent's sickness was the result of the failure of the defendant company to carry him to Dawson. The argument made by counsel for appellant in its brief, and the deductions drawn from the testimony in the case, would have been an appropriate argument to have addressed to the jury, but are not pertinent here. If the respondent was compelled by the company to enter into this wood-chopping business where he did, or if he was induced by misrepresentations of the company to stop at the place where he contracted the cold which caused his sickness, his claim against the company is a good one; and this question was submitted to the jury under proper instructions, and the finding was in favor of the respondent. We have examined the record in this cause, and believe from the testimony that the jury was justified in arriving at the conclusion which it did. The testimony was competent and legally sufficient, and the affirmative ascertainment of these two propositions precludes further inquiry by the appellate tribunal.

The judgment is affirmed.

REAVIS, C. J., and ANDERS, J., concur.

FULLERTON, J., dissents.